IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANDRÉ R. GÓMEZ LÓPEZ DEL VALLE, *et al.*,<br><br>**Plaintiffs,**<br><br>v.<br><br>PUERTO RICO AQUEDUCT AND SEWER AUTHORITY, *et al.*,<br><br>**Defendants.** | CIVIL NO. 25-1062 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

André Raoul Gómez López Del Valle, Andrés Ricardo Gómez López Del Valle, and Roxanna Lopez Del Valle ("Plaintiffs") filed a Complaint against Defendants Puerto Rico Aqueduct and Sewer Authority ("PRASA"), Antilles Insurance Company, and Mapfre Praico Insurance Company ("Defendants") alleging negligence, including a survivorship cause of action, under Articles 1536 and 1540 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, §§ 10805, 10911.

The occurrence that led to this lawsuit were the deaths of Andrés Gómez Alayón and Nelia Beatriz López Del Valle ("Decedents"). Docket No. 1 at 4-6. On February 9, 2024, a fire broke out in Decedents' residence, prompting the Puerto Rico Fire Department ("PRFD") to send firefighters to respond. *Id.* The firefighters arrived with empty water tanks and, when they attempted to use the nearest fire hydrants, said hydrants lacked an adequate water supply or pressure to fight the fire. *Id.* Therefore, the firefighters were unable to put out the fire before it consumed the residence and led to Decedents' death. *Id.* This incident prompted Plaintiffs to file a lawsuit alleging that PRASA breached its duty to inspect, maintain, and repair fire hydrants.

CIVIL NO. 25-1062 (JAG)                                                                 2

Docket No. 1. Now pending before the Court is PRASA's Motion to Dismiss for failure to state a claim. Docket No. 28. For the following reasons, the Motion to Dismiss is hereby **DENIED**.

## STANDARD OF REVIEW

A defendant may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). To survive dismissal under this standard, a complaint must allege sufficient facts to "state a claim to relief that is plausible on its face" and "raise [a plaintiff's] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in a complaint and draw all reasonable inferences in the plaintiff's favor. *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012).

## I.    Liability Immunity and Ministerial Duty under the Organic Act

PRASA argues that (1) the Organic Act, P.R. LAWS ANN. tit. 22, § 144, provides immunity against damages arising out of insufficient water, and (2) it does not have a ministerial duty to either inspect or maintain the fire hydrants. Docket Nos. 28 at 6-8; 44 at 2-5. The Court is not persuaded.

In support of their argument, PRASA contends that Plaintiffs' negligence claim stems from the fire hydrants providing insufficient water. Docket No. 44 at 2-5. On the other hand, Plaintiffs assert that their claim arises out of PRASA's failure to maintain the fire hydrants, a breach of its

CIVIL NO. 25-1062 (JAG)                                                    3

duty under the Organic Act, not from the lack of sufficient water supply or pressure. Docket No.

53 at 3-5.[1] The Court agrees with Plaintiffs' description of their allegations.[2]

Examining the Complaint in the light most favorable to Plaintiffs, it is clear that they have

sufficiently alleged that PRASA was negligent in its maintenance of the fire hydrants. Docket No.

1 at 5, 7-8. To start, Plaintiffs allege that "PRASA's responsibility [is] to ensure that hydrants had

adequate flow and pressure to respond to a fire" and that "PRASA has ministerial duty to design,

inspect, and maintain fire hydrants," but that it failed to comply with these duties. *Id.* at 5.

Plaintiffs also repeatedly allege that PRASA breached its duty of care by failing to maintain the

fire hydrants, leading to the death of Decedents. *Id.* at 7-8. The Puerto Rico Court of First Instance

reached the same conclusion in a parallel state court case involving the same facts, holding that

"[PRASA] is not actually being sued for lack of water or impurities in the system, but rather for

its obligation to maintain the fire hydrants." *García Joglar v. PRASA et al.*, Civ. No. DO2025CV00028

(certified translation at Docket No. 53-1). The Court of Appeals of Puerto Rico also recognized

that PRASA shares a ministerial duty to maintain and repair fire hydrants.[3] *Cintrón Oliver v. Estado*

*Libre Asociado de P.R.*, 2016 WL 4771750 (P.R. Cir. 2016) (certified translation at Docket No. 46-2).

---

[1] The Court acknowledges PRASA's Motion to Strike and to Deem Plaintiffs' Tendered Sur-Reply as Abandoned. Docket No. 52. Plaintiffs attached their Sur-Reply to their Motion for Leave to File Sur-Reply on July 28, 2025, Docket No. 47-1, which the Court granted on August 7, 2025, Docket No. 51. Therefore, the Court **DENIES** PRASA's Motion to Strike and to Deem Plaintiffs' Tendered Sur-Reply as Abandoned based on untimeliness.

[2] PRASA also alleges that Plaintiffs' use of "gross negligence," as opposed to "negligence," in their Opposition to the Motion to Dismiss constitutes a new theory of damages. Docket No. 44 at 9. The Court disagrees, finding that Plaintiffs merely used the term "gross negligence" to describe PRASA's acts or omissions. Notwithstanding, Article 1536 of the Civil Code of Puerto Rico only requires a finding of negligence, not gross negligence. P.R. LAWS ANN. tit. 31, § 10805.

[3] While PRASA points out that *Cintron Oliver v. E.L.A.* is not binding, Docket No. 44 at 6-7, the Court can refer to this case as persuasive authority.

CIVIL NO. 25-1062 (JAG)                                                                 4

The Organic Act provides that PRASA "may not be sued for damages arising from the real or alleged impurity, irregularity, or insufficiency of the water supplied by it." P.R. LAWS ANN. tit. 22, § 144(c). PRASA argues that this statutory immunity is clear and unambiguous, barring Plaintiffs' claims. Docket No. 44 at 2. However, Plaintiffs' negligence claim is based on PRASA's failure to comply with their duty to maintain the fire hydrants, not on PRASA's failure to provide sufficient water. Docket No. 1 at 5, 7-8. Whether or not such failure is the proximate cause of the harm here is not important at this stage of the proceedings.

PRASA "[was] created for the purpose of providing and helping to provide for the citizens an adequate drinking water, sanitary sewage service and any other service or facility proper or incidental thereto. [PRASA] shall have and may exercise all rights and powers necessary or convenient to carry out such purposes." P.R. LAWS ANN. tit. 22, § 144. The Organic Act also requires PRASA to maintain and repair fire hydrants. *Id.*, § 144(r). Notably, the Act's Statement of Motives clearly states that "it is imperative for [PRASA and PRFD] to comply with their duty to repair the hydrants located in different areas of our Island and to maintain them in optimum working conditions for the purpose of safeguarding the lives and property of our citizenry." P.R. LAWS ANN. tit. 22, § 144 (Statement of Motives Act No. 494-2004).

PRASA, however, contends that the immunity granted in the Organic Act applies in any instance where damages are caused by insufficient water. Docket No. 44 at 2-5. It also argues that a failure in a fire hydrant is, by definition, a failure to supply water and thus the statutory immunity bars Plaintiffs' claim. *Id.* But if the Court were to adopt PRASA's arguments, then the provisions obligating PRASA to maintain fire hydrants would be rendered useless because there would be no enforcement mechanism, frustrating the statute's purposes. *Air New England v. Civ. Aeronautics Bd.*, 636 F.2d 825, 829 (1st Cir. 1981) ("[When] interpreting the words of a statute, a

CIVIL NO. 25-1062 (JAG)                                                                5

court should adopt the usual meaning of those words unless this would lead to absurd results or would thwart the obvious purpose of the statute.") (cleaned up). Thus, the Court finds that the Organic Act does not bar Plaintiffs' negligence claim arising out of a failure to maintain the fire hydrants.

PRASA also contends that Plaintiffs have failed to state a claim because PRASA does not have a ministerial duty to inspect or maintain fire hydrants unless it has received notice from the PRFD that such repair is needed. Dockt No. 28 at 7. The Court disagrees. The Organic Act provides that PRASA has a duty "[t]o repair hydrants (fire hydrants) identified by the Puerto Rico Firefighters Chief." P.R. LAWS ANN. tit. 22, § 144(r); *see also* P.R. LAWS ANN. tit. 25, § 3564(o) (establishing a duty on the PRFD to inspect fire hydrants and report the findings to PRASA so that the latter may proceed to repair them). PRASA reasons that this language only imposes a reactive duty dependent on notice from the PRFD, rather than a proactive or supervisory duty. Docket No. 28 at 7. Even if the Court accepted this argument, discovery is needed to determine whether PRASA received notice from the PRFD that would trigger the duty to repair. *See Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F. 4th 18, 42 (1st Cir. 2022) (explaining that a party may be deprived of access to information relevant to their claim until discovery is completed because the relevant evidence is in the possession of the defendant); *cf. Cintrón Oliver*, 2016 WL 4771750, at *8 (P.R. Cir. 2016) (holding that firefighters and PRASA were equally negligent in maintaining the fire hydrants by failing to inspect and repair the fire hydrants, respectively).

PRASA also asserts that Plaintiffs do not identify a specific defect in the fire hydrants. Docket No. 44 at 7. The Court finds that Plaintiffs have sufficiently alleged that the fire hydrants had a design defect. Viewing the allegations in the light most favorable to Plaintiffs, the Complaint sufficiently alleges that PRASA approved and adopted the design of the fire hydrant at issue here.

CIVIL NO. 25-1062 (JAG)                                                          6

Docket Nos. 1 at 7-9; 37 at 17. Plaintiffs also reference PRASA's Design Standards Manual and PRASA itself admitted that this manual provides that PRASA adopted and standardized the design. Docket No. 28 at 9. Moreover, a design defect claim requires more specificity that can only be obtained through discovery because the evidence is in PRASA's possession and/or will require an evaluation of the fire hydrant.

Therefore, the Court hereby **DENIES** PRASA's Motion to Dismiss for failure to state a claim based on statutory immunity or lack of ministerial duty.

## II.    Time-barred Claim

PRASA also argues that Plaintiffs' defective design claim is time-barred because the 1984 hydrant model and the 1996 infrastructure layout were implemented decades before the fire. This argument is directly contradicted by Puerto Rico case law.

Per Article 1204(a) of the 2020 Puerto Rico Civil Code, a cause of action for tort liability prescribes after one year from the time the aggrieved party *becomes aware of the damages* and who caused it. P.R. LAWS ANN. tit. 31, § 9496(a) (emphasis added); *Tokyo Marine and Fire Ins. Co., Ltd. v. Perez & Cia., de P.R., Inc.*, 142 F.3d 1, 3-4 (1st Cir. 1998) ("A cause of action under article 1802 . . . begins to run . . . when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor."). PRASA claims that "the statute of limitations begins not only when harm is known, but also when it could have been known through the exercise of reasonable diligence." Docket. No. 28 at 9-10. It is pellucid that the damages alleged in the Complaint did not occur until February 3, 2024. Defendants' argument that the statute of limitations began to run before any harm had occurred is both meritless and frivolous. Plaintiffs filed their Complaint on February 3, 2025, within a year of the fire that caused the harm alleged in this case.

**CIVIL NO.** 25-1062 (JAG)                                                                      7

Therefore, the Court hereby **DENIES** PRASA's Motion to Dismiss based on untimeliness.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** the Motion to Dismiss.

**Answer due by Friday, April 17, 2026**.


IT IS SO ORDERED.

In San Juan, Puerto Rico, this Friday, March 20, 2026.


                                                              s/ Jay A. Garcia-Gregory
                                                              JAY A. GARCIA-GREGORY
                                                              United States District Judge