IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANDRÉ R. GÓMEZ LÓPEZ DEL VALLE, *et al.*,

   **Plaintiffs,**

                  v.

PUERTO RICO AQUEDUCT AND SEWER
AUTHORITY, *et al.*,

   **Defendants.**

CIVIL NO. 25-1062 (JAG)

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

André Raoul Gómez López Del Valle, Andrés Ricardo Gómez López Del Valle, and Roxanna Lopez Del Valle ("Plaintiffs") filed a Complaint against Defendants Puerto Rico Aqueduct and Sewer Authority ("PRASA"), Antilles Insurance Company ("Antilles"), and Mapfre Praico Insurance Company ("Defendants") alleging negligence, including a survivorship cause of action, under Articles 1536 and 1540 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, §§ 10805, 10911. Pending before the Court is Antilles's Motion to Dismiss for failure to state a claim. For the following reasons, the Motion to Dismiss is hereby **DENIED.**

## STANDARD OF REVIEW

A defendant may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). To survive dismissal under this standard, a complaint must allege sufficient facts to "state a claim to relief that is plausible on its face" and "raise [a plaintiff's] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). When considering a motion to dismiss, the Court must accept as true all

CIVIL NO. 25-1062 (JAG)                                                                    2

well-pleaded factual allegations in a complaint and draw all reasonable inferences in the plaintiff's

favor. *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012).

Generally, the Court cannot "consider any documents that are outside of [Plaintiff's]

[C]omplaint, or not expressly incorporated therein, unless [Defendant's] motion is converted into

one for summary judgment." *O'Rourke v. Hampshire Council of Gov'ts*, 121 F. Supp. 3d. 264, 276 (1st Cir.

2015) (cleaned up). Yet, under some "narrow exceptions," the Court may consider some extrinsic

documents without converting a motion to dismiss into a motion for summary judgement. *See id.*

These narrow exceptions are "documents the authenticity of which are not disputed by the

parties; official public records; documents central to plaintiff's claim; [and] documents

sufficiently referred to in the complaint." *Id.* (cleaned up). Accordingly, the Court will consider

Antilles's Commercial General Liability Policy ("Policy").[1] Docket No. 29-1

## ANALYSIS

I.    **Interpreting Insurance Policies under Puerto Rico Law**

Since this is a diversity action, Puerto Rico substantive law governs the claims. The

Insurance Code of Puerto Rico provides that an insurance contract "shall be construed according

to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or

modified by any lawful rider, endorsement, or application attached to the policy." P.R. LAWS ANN.

tit. 26, § 1125. Under Puerto Rico law, "insurance contracts are generally viewed as contracts of

adhesion" and, therefore, "ambiguous insurance policy language must be liberally construed in

favor of the insured." *Lind-Hernandez v. Hosp. Episcopal San Lucas Guayama*, 898 F.3d 99, 104 (1st Cir.

---

[1] The authenticity of this extrinsic document is not disputed, the document is specifically referenced in
Plaintiffs' pleadings, and it is integral to the claims asserted by Antilles.

**CIVIL NO.** 25-1062 (JAG)                                                                 3

2018) (citation omitted); *Metlife Cap. Corp. v. Westchester Fire Ins. Co.*, 224 F. Supp. 2d 374, 382 (D.P.R. 2002). Moreover, "exclusions in insurance policies are disfavored and should be strictly construed and in such a way that the policy's purpose of protecting the insured is met." *Lind-Hernandez*, 898 F.3d at 104 (cleaned up). However, this rule "does not require courts to interpret a clear and unambiguous clause that favors the insurer in a manner that benefits the insured." *Marina Aguila v. Den Caribbean, Inc.*, 490 F. Supp. 2d 244, 248-49 (D.P.R. 2007) (citations omitted).[2]

## II.    Interpretation of "Bodily Injury"

Antilles argues that Plaintiffs' first cause of action does not trigger the Policy's coverage because the term "bodily injury" does not include claims for nonphysical or emotional harm. Docket No 29 at 9-10. The Court is not persuaded.

The Policy provides that Antilles "will have no duty to defend the insured [here, the PRFD] against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." Docket No. 29-1 at 241. The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." *Id*. at 253. The Court finds that mental anguish or emotional suffering qualify as bodily injuries under the Policy. Puerto Rico's jurisprudence stems from the civilist tradition, in which there is no difference between physical and emotional injuries. *Villodas Fuentes v. Cooperativa de Seguros Múltiples*, 2019 WL 7636551, *17 (P.R. Cir. 2019) (certified translation at Docket 45-1).

---

[2] Under Puerto Rico Law, when interpreting contract provisions, "[t]he stipulations should be interpreted in relation to one another, giving to those that are doubtful the meaning which may appear from the consideration of all of them together." P.R. LAWS ANN. tit. 31, § 3475. The literal sense of a contract provision is adopted "[i]f the terms of [the] contract are clear and leave no doubt as to the intentions of the contracting parties." *Id*., § 3471. But if any contract clause could have different meanings, then the stipulation "should be understood in the sense most suitable to give it effect." *Id*., § 3474.

CIVIL NO. 25-1062 (JAG)                                                                    4

Antilles cites *Ferrer v. Lebrón García*, 3 P.R. Offic. Trans. 838 (1975), and *DeMario v. Lamadrid-Maldonado*, 2023 WL 3093498 (P.R. 2023), to support its request for dismissal, but the facts in those cases are distinguishable from the instant case. Docket Nos. 29 at 11-12; 41 at 6-7. In *Ferrer*, the insurance company had a $25,000 coverage limit per person, up to a maximum of $50,000 per accident or occurrence that arose from a bodily injury. 3 P.R. Offic. Trans. at 840 (cleaned up). The plaintiffs, family members of a decedent who passed away after being struck by a car, suffered only mental anguish from the death of decedent. *Id.* The Puerto Rico Supreme Court determined that mental anguish constitutes an indirect or resulting damage stemming from a direct bodily injury and held the insurance company liable for the $25,000 limit since the mental anguish stemmed from the same occurrence. *See id.* at 842-43. The Puerto Rico Supreme Court would not have needed to consider whether the $50,000 coverage limit applied had it not determined that mental anguish is a form of indirect bodily injury. *See id.*; *see also Villodas Fuentes*, 2019 WL 7636551 at *16-18. In *DeMario*, the policy explicitly excluded coverage for mental anguish experienced by the same person who suffered a bodily injury. 2023 WL 3093498 (D.P.R. 2023). Unlike in *Ferrer* or *DeMario*, the Policy at issue in this case does not make a distinction between mental anguish and bodily injury, nor does it state whether the coverage applies to one or more occurrences or individuals. *See* Docket No. 29-1 at 241, 253. Similarly, it does not categorically exclude mental anguish, emotional suffering, or moral damages.

Thus, the Court finds that "bodily injury" includes mental and emotional damages, especially because Plaintiffs are direct relatives of Decedents. Accordingly, the Court hereby **DENIES** Antilles's request for dismissal based on an impermissibly narrow definition of the term "bodily injury."

CIVIL NO. 25-1062 (JAG)                                                                  5

### III.    Interpretation of "Professional Services"

In the alternative, Antilles argues that Plaintiffs' claim is not covered by the Policy under the "professional services" exclusion. Docket No. 29 at 12-20.

The Policy issued by Antilles excludes from coverage "bodily injury, or property damage . . . due to the rendering of or failure to render any professional service." Docket No. 29-1 at 258 (cleaned up). The Policy, however, does not define the term "professional service," so we turn to the legal meaning of the term. *Viruet et al. v. SLG Casiano-Reyes*, 194 P.R. Dec. 271, 280 (2015) (certified translation at Docket 43-2). In *Viruet*, the Puerto Rico Supreme Court stated:

> In the context of exclusion clauses, it has been decided that a professional service entails a vocation, calling, job or employment that further supposes some type of specialized skill, work or knowledge. Likewise, the skills required by a professional service are predominantly intellectual or mental, not physical or manual. The term "professional" forcefully implies the use of discernment, according to criteria instilled on studies or based on some specialized knowledge. In other words, a professional service depends on whether the person acts using inventive and special training, proper of a professional. Based on the above, the activities involving simply physical, manual or clerical tasks are excluded. Likewise, pleadings of mere negligence are insufficient.

*Id.* at 280-81 (cleaned up). Nevertheless, certain actions that may not require specialized knowledge but are an integral or intricate part of the professional service rendering process fall under the definition of "professional services." *Rivera v. Matos v. E.L.A.*, 204 P.R. Dec. 1010, 1023 (2020). The Puerto Rico Supreme Court has also noted that professional services are not limited to traditional professions such as lawyers, medical doctors, architects, and engineers. *St. James Security Servs., LLC v. Autoridad de Energía Eléctrica*, 213 P.R. 366, 384 (2023).

Antilles first contends that the firefighters provided professional services because firefighters are duly trained to prevent and combat fires and rescue individuals. Docket No. 29 at

CIVIL NO. 25-1062 (JAG)                                                    6

19-20. Antilles also contends that the allegations regarding the tasks the firefighters performed or failed to perform fall under the PRFD's specialized knowledge and skills because such tasks cannot be regularly executed without adequate training. Docket No. 41 at 7-9. Similarly, Antilles asserts that the inspection of fire hydrants also requires specialized knowledge or training. *Id.* On the other hand, Plaintiffs argue that the allegations in the Complaint are operational government functions and ministerial duties that do not require specialized knowledge. Docket No. 33 at 20

The language used in a private contract does not dictate the legal interpretation of a term. Notably, it is often the case that a party is deprived of access to information relevant to their claim until discovery is completed because the relevant evidence is in a defendant's possession. *See Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F. 4th 18, 42 (1st Cir. 2022). Here, the Court cannot determine whether the services at issue here constitute "professional services" without discovery as to the nature of the services provided by the PRFD. Only then can the Court properly analyze whether the services provided by the PRFD, or the services needed to maintain and repair fire hydrants constitute "professional services" under Puerto Rico law.

Thus, the Court finds that it cannot determine as a matter of law whether the professional services exclusion applies here without the benefit of discovery. Therefore, the Court hereby **DENIES** Antilles's Motion to Dismiss based on the exclusionary provision regarding professional services.

## IV.    Interpretation of Designated Premises

Antilles also argues that the Policy bars coverage because the bodily injury and property damage alleged in the Complaint occurred outside of the premises designated in the endorsement

**CIVIL NO.** 25-1062 (JAG)                                                        7

titled "Limitation of Coverage to Designated Premises or Project." Docket Nos. 29 at 20; 29-1 at 260. The Court disagrees.

The endorsement modifies the Policy by providing that coverage applies to bodily injuries or property damages that occur at all locations listed in the Commercial General Liability Declarations. Docket No. 29-1 at 260. Most locations listed are fire stations found in multiple municipalities of Puerto Rico. *See id.* at 26-78. One such location is listed as "[a]nywhere in [the] Commonwealth of Puerto Rico, San Juan, PR 00901" ("Location #95"). *Id.* at 78. Antilles contends that List# 95 provides coverage to anywhere within San Juan, Puerto Rico, not the whole Commonwealth. Docket No. 41 at 9. The description of Location #95 is obviously unclear and ambiguous, but because ambiguities in insurance contracts are interpreted in favor of the insured, the Court finds that this provision extends to the entire Commonwealth of Puerto Rico.

Therefore, the Court hereby **DENIES** Antilles's Motion to Dismiss based on the exclusionary provision regarding designated premises.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion to Dismiss.

**Answer due by Friday, April 17, 2026**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Friday, March 20, 2026.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge